**Signed and Filed: October 07, 2008**

_____
**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 04-33224 TCLS |
| RALPH F. DOORE, | Chapter 7 |
| Debtor. | |
| E. LYNN SCHOENMANN, Trustee, | Adv. Proc. No. 07-3107 TC |
| Plaintiff, | |
| vs. | |
| RALPH F. DOORE, | |
| Defendant. | |

### MEMORANDUM DECISION

The above-entitled action came to trial on September 30, 2008. Kristina Pollak appeared for Plaintiff Trustee. Defendant appeared *in pro per*. Upon due consideration, the court hereby issues the following decision, which shall constitute its findings of fact and conclusions of law.

**FACTS**

Debtor filed a chapter 7 petition on November 17, 2004. In

MEMORANDUM DECISION -1-

his schedules, Debtor listed a 1/6 interest, subject to a life estate, in real property in Port Angeles, Washington (the Property). Debtor claimed an exemption in the Property in the amount of $13,000, and listed the value of the Property as $13,000. Trustee did not file an objection to this claim of exemption. Trustee alleged that she notified Debtor at the meeting of creditors in December 2004 that she claimed an interest in the Property to the extent the value exceeded the claimed exemption, but at trial Trustee introduced no evidence of such a warning. Trustee also alleged that she sent Debtor a letter to the same effect in February 2005, but introduced no evidence of such a letter at trial. Debtor received a discharge in February 2005.

In September 2005, Debtor sold his 1/6 interest in the Property to a co-owner (Debtor's aunt) for $44,024. In April 2007, Trustee conducted a Rule 2004 examination of Debtor, at which Debtor admitted that he had sold the Property, and at which he said he had spent all of the sale proceeds. Trustee then brought the present action, in which she seeks to revoke Debtor's discharge and to recover the amount by which the sale proceeds exceed the exemption claimed.

**DISCUSSION**

Debtor is liable for the excess sale proceeds. Debtor listed the Property in his schedules. The Property was exempt to the extent of the exemption claimed. Because Debtor invoked an exemption that is limited to a dollar amount[1], the estate is entitled to any proceeds of sale that exceed the amount of the

---

[1] Debtor claimed the Property exempt under Cal. C.C.P. § 703.140(b)(1), which at the time the petition was filed provided for an exemption in the amount of $17,425 in real property used as a residence.

MEMORANDUM DECISION -2-

exemption.  Hyman v. Plotkin, 967 F.2d 1316 (9th Cir. 1992); In re Morgan-Busby, 272 B.R. 257, 265 (9th Cir. BAP 2002).  Thus, Debtor is liable for the $29,899 by which the sale proceeds exceed the $13,000 claimed exemption plus $1,125 that Debtor was entitled to claim as exempt but did not.[2]  Debtor's testimony that the Property was not worth the full $44,024 for which he sold the Property is not helpful to Debtor.  He is obligated to the estate for the *amount received* for the Property, less the claimed exemption.  Debtor's testimony that he could have arranged to sell the Property to his aunt for $13,000 and have her make him a gift of the additional $29,899 is also unpersuasive.  The aunt did not testify, and there is no evidence that any portion of the $44,024 received was in fact a gift rather than payment for the Property.

Debtor's discharge should not be revoked.  Debtor did convert property of the estate.  But such an act is not a basis for revocation of discharge unless it was done with fraudulent intent.  11 U.S.C. § 727(a)(2), (d)(2)-(3).  Debtor claimed the Property as fully exempt.  Trustee did not file any objection to that claim of exemption.  The evidence presented at trial indicates that Debtor believed the Property was his to do what he wished with, and that Debtor therefore did not act fraudulently in selling the Property and spending the proceeds.

The court declines to award attorney fees on the record presented.

**\*\*END OF MEMORANDUM DECISION\*\***

---

[2] The wildcard exemption in effect when Debtor filed bankruptcy equaled $17,425.  Cal. C.C.P. § 703.140(b)(1).  Debtor used only $16,300 of this amount.

**MEMORANDUM DECISION**                -3-

| | |
|---|---|
| 1 | **Court Service List** |
| 2 | |
| 3 | Ralph F. Doore |
| | 2 Hillview Court |
| 4 | San Francisco, CA 94124-2487 |
| 5 | Kristina Pollak, Esq. |
| | Stromsheim and Associates |
| 6 | 201 California Street, Suite 350 |
| | San Francisco, CA 94111 |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |